UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DOUGLAS A. GUILMETTE,

    Plaintiff,

    v.                                    CAUSE NO.: 3:16-CV-716-JD

N. HENRY,

    Defendant.

OPINION AND ORDER

Doulas A. Guilmette, a prisoner without a lawyer, has alleged that, on January 7, 2016, Sgt. N. Henry used excessive force against him, resulting in a shoulder injury. Now, nearly three and a half years later, Guilmette seeks leave to amend his complaint to add additional defendants, although it is unclear exactly who he wants to add. His motion to amend (ECF 111) indicates he wishes to add "the regional medical director of Corizon, Wexford, and I.D.O.C. Supt. Ron Neal" as defendants. In contrast, Guilmette's motion to supplement his motion to amend (ECF 115) indicates he wishes to add "Corizon (Regional Director of Health Care) and Wexford." There is no mention of Ron Neal. Guilmette seeks to amend his complaint because, during the course of discovery, he learned that on July 29, 2016, Dr. Joseph Thompson approved a treatment plan that included physical therapy and a surgical consultation. Despite that plan, Guilmette never received either physical therapy or a surgical consultation. Based on these allegations, Guilmette alleges that the Regional Director of Corizon, Wexford, and Ron Neal were deliberately indifferent to his serious medical needs.

As an initial matter, Guilmette has not attached a proposed amended complaint to either his motion to amend or his supplement to that motion. (ECF 111; ECF 115.) N.D. Ind. L.R. 15-1 requires that a motion to amend be accompanied by "the original signed proposed amendment as an attachment."

Setting aside Guilmette's failure to tender a proposed amended complaint, at this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When justice requires it, leave should be freely given. *Id.* "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

Here, the attempt to amend comes nearly three and a half years after the incident, and just shy of three years after Dr. Thompson approved the treatment plan. Furthermore, Guilmette learned of the treatment plan in September of 2018 – more than eight months before he sought leave to amend his complaint. Thus, there has been undue delay in this case.

While Guilmette contends otherwise, permitting him to amend at this late hour will likely result in a substantial delay in the resolution of his claims against N. Henry –

claims that have now been pending since October of 2016. Thus, the defendant may be prejudiced by the proposed amendment.

Additionally, allowing the proposed amendments would be futile. To the extent that Guilmette wishes to add Corizon or Wexford as defendants, he has not alleged facts that state a claim. A private company performing a governmental function can be held liable to the same extent as a municipal entity under M*onell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012)(Monell framework applies to private company providing medical care at correctional facility). In other words, a private company performing a governmental function cannot be held liable for damages under § 1983 unless a policy or custom caused the alleged constitutional violation. Guilmette has not alleged that his constitutional rights were violated due to a policy or custom or either Corizon or Wexford, and he therefore could not state a claim against them.

To the extent that Guilmette seeks to add Ron Neal or the regional medical directors of either Corizon or Wexford, he likewise has not alleged facts that state a claim. Guilmette has not alleged that Neal or either of the regional medical directors were personally involved in making decisions regarding his medical care. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be

held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). In the absence of factual assertions that state a claim, it would be futile to permit Guilmette to amend.

Lastly, Guilmette seeks to amend his complaint after the statute of limitations has expired, and amendment should therefore be granted only if the complaint relates back to the original complaint. While Guilmette asserts that this amendment would relate back, he is mistaken. Guilmette has not alleged that Ron Neal, Corizon's Regional Medical Director, or Wexford were on notice of his claim prior to the expiration of the statute of limitations. *See Moore v. Indiana*, 999 F.2d 1125, 1130-31 (7th Cir. 1993) (where plaintiff did not request leave to amend his complaint to add defendants until after the statute of limitations had expired and the defendants to be added were not on notice of the claim against them, the amended complaint did not relate back to the original complaint.) Because nothing in the record of this case suggests that Guilmette placed Ron Neal, Corizon's Regional Medical Director, or Wexford on notice of his claim against them prior to the expiration of the statute of limitations, the amendment would not relate back and any attempt to amend would be futile.

For these reasons, the court:

(1) DENIES Douglas A. Guilmette's motion seeking leave to amend his complaint (ECF 111); and

(2) DENIES Douglas A. Guilmette's motion to supplement his motion seeking leave to amend his complaint (ECF 115).

4

SO ORDERED on June 7, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT